**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4377**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TONY TUNG TRAN,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:10-cr-00209-LO-1)

Submitted: December 6, 2011        Decided: December 15, 2011

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles J. Soschin, LAW OFFICE OF C.J. SOSCHIN, Washington, D.C., for Appellant. Neil H. MacBride, United States Attorney, Inayat Delawala, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Tung Tran appeals his conviction and resulting eighteen month custodial sentence. A jury found Tran guilty of six counts of bank fraud in violation of 18 U.S.C. § 1344 (2006). The charges arose from a scheme in which Tran used underfunded or nonexistent checking accounts to pay down his credit card balances. He then made large purchases and obtained cash advances during the float period.

Tran asserts that the district court erred in admitting a chart that included a summary of unfunded transfers initiated by Tran that were not charged in the indictment. We review a trial court's ruling on admissibility of evidence for an abuse of discretion. United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). Relevant evidence is generally admissible, but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403. However, "Rule 403 is a rule of inclusion, generally favoring admissibility." United States v. Udeozor, 515 F.3d 260, 264-65 (4th Cir. 2008) (internal quotation marks and brackets omitted). When assessing a Rule 403 challenge on appeal, we "look at the evidence in a light most favorable to its proponent, maximizing its probative

2

value and minimizing its prejudicial effect." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (internal quotation marks omitted). Voluminous material may be admitted in summary form if it cannot otherwise be conveniently examined in court. Fed. R. Evid. 1006.

We find the challenged exhibit to be relevant and not unfairly prejudicial. The exhibit rebutted Tran's claim that the unfunded transfers were the product of a series of honest mistakes. The summary presentation was necessary for the jury to conveniently conceptualize and examine Tran's pattern of unfunded transfers. Tran fails to convince us that the district court abused its discretion in admitting the challenged exhibit.

Tran also claims that the district court erred by denying his motions for a judgment of acquittal because the evidence was insufficient to prove his intent to defraud the banks. We review the denial of a motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as

3

adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted).

Viewing the evidence in the light most favorable to the prosecution, we find it sufficient to support Tran's convictions. The repetitive unfunded transfers immediately followed by large purchases and cash advances demonstrate that Tran acted with knowledge of the fraud. His excuse that he was relying on loans from relatives abroad is incredible in light of the size of the total transfers relative to the amount of the purported loans and the fact that Tran did not verify the receipt of his relatives' money before forging ahead with massive transfers of funds. In short, Tran has failed to carry his heavy burden on appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4